# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TENA MARIE HARNISH,
>> Appellant,

v.

UNITED STATES POSTAL SERVICE,
>> Agency.

DOCKET NUMBER
CH-0752-14-0303-I-1

DATE: July 14, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tena Marie Harnish, Indianapolis, Indiana, pro se.

Nathan R. Mellman, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown, 5 C.F.R. § 1201.114(e), (g), and the appellant's request to reopen her appeal is DENIED, 5 C.F.R. § 1201.118.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The appellant appealed the agency's decision to remove her.  Initial Appeal File (IAF), Tab 1.  However, after the approval of her disability retirement application, she requested to withdraw her appeal.  Hearing Compact Disc.  The administrative judge therefore dismissed the appeal as withdrawn on December 9, 2014.  IAF, Tab 34, Initial Decision (ID).

¶3     The appellant filed an untimely petition for review on March 27, 2015, in which she asserts that she was:  (1) confused when she withdrew her appeal; (2) not provided with information concerning the withdrawal; and (3) not made whole by the agency.  Petition for Review (PFR) File, Tab 1 at 3-4.  She also states that she has been ill due to her disabilities.  *Id.* at 3.  The Clerk of the Board issued an acknowledgment letter informing the appellant that her petition was untimely filed and affording her the opportunity to file a motion to ask the Board to accept the filing as timely and/or waive the time limit for good cause. PFR File, Tab 2.  The appellant did not respond.  The agency has responded in opposition to the appellant's petition.[2]  PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4     The Board treats a request to reopen an initial decision (which became final when neither party petitioned for review) as an untimely filed petition for review.

---

[2] In addition to this removal appeal, the appellant also filed an indefinite suspension appeal.  *Harnish v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0304-I-1. Although the appeals were never joined, the administrative judge dismissed both appeals as withdrawn on the same day.  ID; *Harnish v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0304-I-1, Initial Decision (Dec. 9, 2014).  The appellant filed the present petition for review only in connection with the removal appeal.  As a result, the Clerk of the Board issued an order seeking to clarify whether the appellant also intended to challenge the dismissal of her indefinite suspension appeal.  PFR File, Tab 4.  The order further stated that if the appellant did not respond, the Board would assume that she intended to contest only the initial decision in the removal appeal.  *Id.* Accordingly, because the appellant did not respond, we consider her petition for review only as to MSPB Docket No. CH-0752-14-0303-I-1.

*Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 5 (2009). Therefore, we initially will consider the appellant's submission as an untimely filed petition for review.

¶5     The Board's regulations require that a petition for review must be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that she received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision. 5 C.F.R. § 1201.114(e)(1). The record shows that the appellant registered as an e-filer with the Board's electronic filing system (e-appeal). IAF, Tab 1. Registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board. 5 C.F.R. § 1201.14(e). The Board's regulations further provide that Board documents served on registered e-filers are deemed received on the date of the electronic submission. 5 C.F.R. § 1201.14(m)(2).

¶6     The record reflects that the initial decision in this matter was transmitted via e-appeal on December 9, 2014. IAF, Tab 34. Because the appellant was a registered e-filer, she is deemed to have received the initial decision on that date. *See* 5 C.F.R. § 1201.14(e)(1), (m)(2). Thus, the deadline for filing a petition for review of the initial decision was 35 days after its issuance, i.e., January 13, 2015. *See* 5 C.F.R. § 1201.113; *see also* ID at 2. The appellant did not file her petition for review until March 27, 2015. PFR File, Tab 1. Her petition therefore was untimely filed by 73 days.

¶7     The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is

proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

¶8  We find that the appellant failed to show good cause for a waiver of the filing deadline because she did not respond to the Clerk of the Board's order concerning whether there was good cause for her filing delay. *See id.*, ¶ 6. Additionally, although the appellant states that she is disabled, she did not explain how her disabilities affected her ability to timely file her petition or request an extension of time. *See Barlow v. Department of the Navy*, 99 M.S.P.R. 569, ¶ 7 (2005) (finding that the appellant failed to establish that the untimely filing of her petition was the result of illness where she had not submitted any medical evidence to demonstrate that she was hospitalized, under medical treatment, or otherwise suffering from an illness between the dates of issuance of the initial decision and for timely filing her petition).  Therefore, we find that the petition for review is untimely filed without good cause shown for the delay. *See Duncan v. U.S. Postal Service*, 96 M.S.P.R. 448, ¶ 7 (2004) (finding that the appellant did not show good cause for the delay in filing his petition for review where, notwithstanding his pro se status, the delay was significant, he did not respond to the Clerk of the Board's timeliness notice, and he did not make any statement explaining the delay).

¶9  To the extent that the petition is construed as a request to reopen the appeal pursuant to 5 C.F.R. § 1201.118, we deny this request. *See Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 9 (2010).  Ordinarily, an appellant's withdrawal of an appeal is an act of finality and, in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Potter v.*

*Department of Veterans Affairs*, [116 M.S.P.R. 256](#), ¶ 7 (2011). The appellant states that she was confused at the time of her withdrawal, that she was not provided information concerning the withdrawal, and that she is disabled. PFR File, Tab 1 at 3-4. However, she has presented no argument or evidence of unusual circumstances concerning the withdrawal of her appeal. We therefore decline to exercise our discretion to reopen the appeal. *See Lincoln*, [113 M.S.P.R. 486](#), ¶ 9.

¶10 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's withdrawal of her removal appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.